*Filed in open court this 17th day of February 2010.* *rms*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal Action No. 09-46-JJF |
| Plaintiff, | : |
| v. | : |
| | : |
| MATTHEW W. BROWN, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Keith M. Rosen and Shannon T. Hanson, Assistant United States Attorneys, and Michael J. Amador, Esq., attorney for the defendant, Matthew W. Brown, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Counts 1, 4, 5, and 8 of the Indictment.

    a. Counts 1 and 5 charge him with conspiracy to commit securities fraud, a violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, all in violation of Title 18, United States Code, Section 371.

    b. The maximum penalties for each of Counts 1 and 5 include each of the following: 5 years imprisonment, 3 years of supervised release following any term of imprisonment, a $250,000 fine, and a $100 special assessment.

    c. Counts 4 and 8 charge him with conspiracy to commit money laundering, a violation of Title 18, United States Code, Section 1956(a)(1), in violation of Title 18, United States Code, Section 1956(h).

    d. The maximum penalties for each of Counts 4 and 8 include each of the following: 20 years imprisonment; 3 years of supervised release following any term of imprisonment; a fine of $500,000 or twice the value of the property involved in the offense, whichever is greater; and a $100 special assessment.

At or about the time of sentencing, the government will move to dismiss the remaining counts of the Indictment.

  2. The defendant understands that if he were to proceed to trial on Counts 1, 4, 5, and 8, the government would have to prove each of the following elements of the offenses beyond a reasonable doubt: (1) on or about the dates charged in the Indictment; (2) two or more people conspired to commit the crime of securities fraud, a violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 (Counts 1 and 5), or the crime of laundering of financial instruments, a violation of 18 U.S.C. §1956(a)(1) (Counts 4 and 8); and (3) the defendant knowingly joined the conspiracy.

  3. The defendant admits that he is, in fact, guilty of the offenses charged in the Indictment, and does not dispute the factual accuracy of the Overt Acts set forth in Counts 1, 4, 5 and 8 of the Indictment.

  4. Based on information available to the government as of the date of this memorandum, including information provided by the defendant, the government and defendant stipulate that for purposes of sentencing on the Indictment, the loss attributable to the defendant under U.S.S.G. §2B1.1, including relevant conduct as defined in U.S.S.G. § 1B1.3, is in excess of $1,000,000.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's guilty plea, the government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. Further, if it is determined by the Court that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the government agrees to move for the reduction of the Offense Level by one additional level, pursuant to U.S.S.G. §3E1.1(b), for a total reduction of three levels.

6. The terms of a letter from AUSAs Keith M. Rosen and Shannon T. Hanson to counsel for the defendant, dated December 16, 2009, is incorporated by reference as if fully set forth herein.

7. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of the defendant's attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8.  The defendant agrees to pay the $400 special assessment no later than two (2) weeks prior to the sentencing hearing. If the Court orders the payment of any fine as part of the defendant's sentence, and the defendant is incarcerated as part of his sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9.  In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

   a.  The defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party. No later than two weeks after the entry of his guilty plea in this case, the defendant will submit a completed sworn financial statement ("Financial Statement") to the government, through his undersigned counsel, in a form the government provides and as it directs. No later than two weeks prior to the sentencing hearing in this case, the defendant will provide to the government, through its undersigned counsel, any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by counsel for the government. The defendant also agrees to provide and/or consent to the release of the defendant's federal and state tax returns for the tax years 2005-2009. The defendant promises that his Financial Statement, disclosures, and supporting documentation will be complete, accurate, timely and truthful.

    b. Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility under paragraph 5 of this Agreement and may, in its sole discretion, do any or all of the following: (I) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(b); (ii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iii) seek an order compelling production of the financial information; and/or (iv) void this Agreement.

    10. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255 – except that the defendant reserves his right to appeal only if (1) the government appeals from the sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (3) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

    11. The defendant agrees to forfeit all interests in any property that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that was involved in his offenses or constitutes the proceeds of those offenses.

12. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

13. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct and/or property involved in illegal conduct giving rise to forfeiture.

14. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises,

representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

DAVID C. WEISS
United States Attorney

/s/ Michael J. Amador
Michael J. Amador, Esq.
Attorney for Defendant

BY: /s/ Keith M. Rosen
Keith M. Rosen
Shannon T. Hanson
Assistant United States Attorneys

/s/ Matthew W. Brown
Matthew W. Brown
Defendant

Dated:

**AND NOW** this _17_ day of _February_, 2010, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

/s/ Joseph J. Farnan, Jr.
The Honorable Joseph J. Farnan, Jr.
United States District Judge

7